UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CENTURY SURETY COMPANY,

      Plaintiff,

v.                                                       CASE NO. 4:10cv539-RH/WCS

KID'S CLUB PRESCHOOL, INC.,
etc., et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS OR ABSTAIN AND GRANTING LEAVE TO FILE THE SECOND AMENDED COMPLAINT

Now before the court are two questions. The first is whether an insurer that disputes its obligation to defend or indemnify an alleged tortfeasor can obtain a declaratory judgment on that issue while the underlying tort action is ongoing. The second question is whether, if the underlying tort action is ongoing in state court but there is diversity jurisdiction over the declaratory-judgment action, the declaratory-judgment action can and should go forward in federal court. The answer to both questions is yes.

I

The case arises from the death of a child at a preschool operated by the

defendant Kid's Club Preschool, Inc. The child's parents filed a wrongful-death action in state court against Kid's Club and an employee. Century Surety Company is Kid's Club's liability insurer. It is defending Kid's Club and the employee in the state-court case under a reservation of rights.

Century filed this federal declaratory-judgment action against Kid's Club and the parents. Century asserts that it has no duty to defend or indemnify Kid's Club because of policy exclusions for abuse or molestation, criminal acts, assault and battery, and expected or intended injury. Kid's Club has moved to dismiss or abstain based on the ongoing state-court action. Century has moved to amend to add the employee as a defendant. This order denies the motion to dismiss and grants leave to amend, thus clearing the way for the case to go forward.

II

The case arises under state law, but it is within the court's diversity jurisdiction. Century is an Ohio corporation with its principal place of business in Michigan. The adverse parties—the parents, Kid's Club, and the employee—are all citizens of Florida. The amount in controversy exceeds $75,000.

III

A dispute over a party's ongoing obligation under a contract is a proper subject—indeed, the very essence of a proper subject—for a declaratory judgment. That the contract is an insurance policy does not change this. When the

contracting parties are citizens of different states and the amount in controversy exceeds $75,000, a federal court may properly enter a declaratory judgment resolving the dispute. Doing so is routine. Indeed, resolving a dispute of this kind between citizens of different states is the whole point of diversity jurisdiction and the declaratory-judgment statute.

Examples of cases in which I have exercised jurisdiction over an insurance-coverage dispute of this kind include *Colony Insurance Co. v. Barnes*, 410 F. Supp. 2d 1137 (N.D. Fla. 2005), *aff'd*,189 Fed. App'x 941 (11th Cir. 2006), and *Scottsdale Insurance Co. v. Big Bend Timber Services, Inc.*, No. 4:02cv279-RH (N.D. Fla. Jan. 5, 2004) (order granting summary judgment). The Eleventh Circuit, too, has exercised jurisdiction in this context. *See, e.g.*, *Transcon. Ins. Co. v. R. Larry Phillips Constr. Co.*, 376 Fed. App'x 885 (11th Cir. 2010); *Century Sur. Co. v. Seductions, LLC*, 349 Fed. App'x 455 (11th Cir. 2009); *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289 (11th Cir. 2006).

That there is an ongoing, related state-court case does not change this. The first question in this federal case is whether Century has a duty under the insurance policy to defend the state-court case. This question is not presented in the state-court action at all, and the state court thus will not address it. If this federal declaratory-judgment case is dismissed or if I abstain from deciding it, Century will have no forum in which to obtain a declaration on its duty to defend. And it is

no answer that Century could file a state-court declaratory-judgment action. This court, as much as a state court, can resolve this private dispute between Century and Kid's Club. Century has every right to invoke the court's diversity jurisdiction.

IV

To be sure, in the declaratory-judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)). A district court has discretion to go forward with a declaratory-judgment action or to decline to do so. *Wilton*, 515 U.S. at 289, 115 S. Ct. at 2144. *Roach* sets out nine factors "to aid district courts in balancing state and federal interests" in determining whether to go forward with a federal declaratory-judgment case when a parallel state case is ongoing. *Roach*, 411 F.3d at 1331. Here there is no state-court case in which the question of Century's duty to defend will be decided, so going forward here, at least on that question, is an easy call.

The duty-to-defend question of course will be determined based on the terms of the insurance policy and the allegations of the state-court complaint. This is sometimes denominated the "eight corners rule," a reference to the relevant

inquiry's focus on the four corners of the policy and the four corners of the complaint. If the complaint alleges any claim that, if proven, might come within the insurer's indemnity obligation, the insurer must defend the entire action. Doubts are resolved in favor of the insured. Some of the cases establishing these principles are collected in *Colony Insurance Co. v. Barnes*, 410 F. Supp. 2d 1137, 1139 (N.D. Fla. 2005), *aff'd*,189 Fed. App'x 941 (11th Cir. 2006).

If, based on the allegations of the state-court complaint and the terms of Century's insurance policy, a ruling is made here that Century does not have a duty to defend, that will end the matter. If, on the other hand, the ruling here is that Century *does* have a duty to defend, then the duty to indemnify will turn on the actual facts, not the allegations of the complaint. Whether a declaratory-judgment case should go forward on the duty-to-indemnify issue—not just on the duty-to-defend issue—is a more difficult question, because the underlying tort case may cast light on the actual facts. But as the Florida Supreme Court has recognized, going forward with a declaratory-judgment case, even on the issue of the duty to indemnify, may be proper. *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004). Going forward with a *federal* declaratory-judgment case on the duty-to-indemnify issue may also be appropriate so long as no other circumstances suggest otherwise.

Here, unlike in *Guideone Elite Insurance Co. v. Old Cutler Presbyterian*

*Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005), there is no reason to believe, at least at this point, that the case will involve any unsettled question of state law. Nor are there other factors raising significant comity concerns. This is, instead, a private dispute between citizens of different states that poses no more risk to federal-state relations than any other diversity case. As a matter of discretion, I choose not to dismiss the case or abstain from deciding it.

VI

Century has moved for leave to amend to add as an additional defendant the Kid's Club employee who is a defendant in the state-court action. Kid's Club opposes the motion only on the ground that the entire case should be dismissed or the court should abstain. The rejection of that assertion clears the way for the granting of leave to amend.

VII

For these reasons,

IT IS ORDERED:

The motion to dismiss or abstain, ECF No. 8, is DENIED. The motion for leave to amend, ECF No. 13, is GRANTED. The second amended complaint, ECF No. 15, is deemed properly filed as of February 3, 2011.

SO ORDERED on February , 2011.

s/Robert L. Hinkle  
United States District Judge
